United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY L. RUSSELL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ERIC ARNOLD,<br><br>　　　　Respondent. | Case No.  14-cv-05291-JCS (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER DISMISSING THE PETITION WITH LEAVE TO AMEND** |

**INTRODUCTION**

This federal habeas corpus action was dismissed because petitioner failed to comply with the Court's order to perfect his application to proceed *in forma pauperis* ("IFP") or pay the filing fee. Petitioner since has perfected his IFP application. Accordingly, the action is REOPENED, and the Clerk is directed to amend the docket accordingly.

Petitioner seeks federal habeas relief from his state convictions.[1] The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of

---

[1] Petitioner consented to magistrate judge jurisdiction. (Pet. at 7.)  The magistrate judge, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate judge jurisdiction.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

the Rules Governing Section 2254 Cases.

The petition is DISMISSED with leave to file an amended petition on or before June 1, 2015.

## BACKGROUND

In 2011, a Contra Costa Superior Court jury convicted petitioner of possessing cocaine base and hydrocodone for sale. He was sentenced to ten years in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges (1) "stay error enhancements"; and (2) "imposing an award of attorney's fees." Claim 1 may not be cognizable. First, it is not clear what petitioner means in the first claim. The state appellate court addressed petitioner's claim that the trial court erred by staying, rather than striking, various sentencing enhancements. *People v. Russell*, No. A134501, 2013 WL 1080299, *5 (Cal. Ct. App. Mar. 15, 2013) (unpublished).) If this is what petitioner means by Claim 1, he must clearly state this.

Second, this Court may lack jurisdiction over this claim, if the federal claim is the same as the one addressed in state court. The state appellate court granted petitioner's request to modify the judgment to strike the enhancements. Consequently, there is no relief that this Court can give. In his amended petition, petitioner must address this issue.

2

1   Claim 2 is DISMISSED with prejudice as not cognizable. First, federal habeas relief is not warranted here because success on this claim would not result in a voiding of the verdict or a reduced sentence. Habeas corpus is the appropriate remedy for a state prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). The federal writ of habeas corpus is available only to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). In general, custody is satisfied where the sentence imposed "significantly restrain[s] [a] petitioner's liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). A monetary fine, such as having to pay attorney's fees, is not a sufficiently significant restraint on liberty to satisfy the custody requirement. *See Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987).

Second, petitioner's challenge to his detention does not suffice to confer jurisdiction on this Court to review his attorney's fees claim by way of a federal habeas petition. *See United States v. Thiele*, 314 F.3d 399, 401-02 (9th Cir. 2002) (holding petitioner could not collaterally attack restitution order under § 2255, even where joined with cognizable claims for release from custody).

**Based on the foregoing, the petition is DISMISSED with leave to amend. On or before June 1, 2015, petitioner shall file an amended petition in which he addresses the deficiencies discussed above.** The amended petition must include the caption and civil case number used in this order (14-5291 JCS (PR)) and the words FIRST AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petition, petitioner must include in his amended petition **all** the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action without further notice to petitioner.

1   The Clerk shall amend the docket to reflect that Eric Arnold, the warden of the
2   prison in which petitioner is housed, is the sole respondent in this action.  Petitioner
3   erroneously named many persons as respondents.  Arnold is the sole proper respondent in
4   this action, as he is the custodian having day-to-day control over petitioner, the only person
5   who can produce "the body" of the petitioner.  *Brittingham v. United States*, 982 F.2d 378,
6   379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)).

7   Petitioner's application to proceed *in forma pauperis* (Docket No. 7) is GRANTED.
8   The Clerk shall terminate Docket No. 7.

9   **IT IS SO ORDERED.**

10  **Dated:**  April 27, 2015

    _____
    JOSEPH C. SPERO
    Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY L. RUSSELL,

    Plaintiff,

v.

MARK PETERSON, et al.,

    Defendants.

Case No. 14-cv-05291-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/27/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry L. Russell ID: AR8643
California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: 4/27/2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO